IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALLEN R. DAVISON,

    Defendant.

Case No. 2:24-CV-02144-JAR-RES

**MEMORANDUM AND ORDER**

The Government brought this action pursuant to 26 U.S.C. § 7401 to reduce to judgment civil tax penalties assessed against pro se Defendant Allen R. Davison.[1] This matter is now before the Court on the parties' cross-motions for summary judgment (Docs. 11, 12). For the reasons stated in more detail below, the Court grants the Government's motion for summary judgment and denies Defendant's motion for summary judgment.

**I.    Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[2] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[3] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a

---

[1] Defendant argues that the Government lacks authority to bring this action pursuant to § 7401 because the Government has not presented evidence of joint approval by the Secretary of Treasury and the Attorney General which is required for the commencement of a civil action to recover tax penalties. However, in its response to Defendant's motion for summary judgment, the Government cites to two declarations indicating that this civil action was duly authorized. *See* Docs. 14-1, 14-2. Thus, Defendant's argument fails.

[2] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[3] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

reasonable jury could return a verdict for the non-moving party."[4]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[5]  An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[7]  Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[9]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[11]  The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[12]

---

[4] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[5] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[6] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[7] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

[8] *Anderson*, 477 U.S. at 256.

[9] *Id.*; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[10] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).

[11] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[12] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199) (10th Cir. 2006) (citations omitted).

Defendant has the burden of proof on any affirmative defenses, and thus in moving for summary judgment on an affirmative defense, "[t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."[13] Once the defendant makes this initial showing, "the plaintiff must then demonstrate with specificity the existence of a disputed material fact."[14] If the plaintiff cannot meet this burden, "the affirmative defense bars [the] claim, and the defendant is then entitled to summary judgment as a matter of law."[15]

"Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts."[16] Cross summary judgment motions should be evaluated as two separate motions.[17] Just because the Court denies one does not require that it grant the other.[18]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[19]

## II.    Defendant's Failure to Respond

Defendant failed to file a response to the Government's summary judgment motion and his November 22, 2024 deadline to respond has long since passed. Under D. Kan. Rule 7.1(c), the Court is permitted to grant a motion as uncontested when no responsive brief or

---

[13] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[14] *Id.*

[15] *Id.*

[16] *James Barlow Fam. Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted).

[17] *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

[18] *Id.*

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

memorandum is filed. But this standard is modified in the context of a motion for summary judgment: "[I]t is improper to grant a motion for a summary judgment simply because it is unopposed."[20] D. Kan. Rule 56.1(a) provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." And under Fed. R. Civ. P. 56(e), the Court may deem a fact undisputed where the nonmoving party fails to address it.[21] The rule also permits the Court to grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[22]

Out of an abundance of caution, the Court has considered Defendant's "factual background" section in his Motion for Summary Judgment,[23] but very few of Defendant's factual allegations are supported with citations to the record. And the few factual allegations that are supported with citations to the record do not specifically controvert any facts alleged by the Government. Defendant's pro se status does not excuse his noncompliance,[24] especially because the Government complied with D. Kan. Rule 56.1(d) and sent Defendant the required Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment.[25] Thus, under Rule 56(e)(2), the Court will deem undisputed the facts presented in the Government's summary judgment

---

[20] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)).

[21] Fed. R. Civ. P. 56(e)(2).

[22] Fed. R. Civ. P. 56(e)(3).

[23] Doc. 11.

[24] *See Lynn v. Cline*, No. 19-3003-EFM, 2021 WL 2104981, at *4 (D. Kan. May 25, 2021) (accepting the defendants' uncontroverted facts due to pro se plaintiff's failure to respond after notice under D. Kan. R. 56.1(f) sent), *aff'd sub nom. Lynn v. Kelly*, No. 21-3094, 2022 WL 1043752 (10th Cir. Apr. 7, 2022).

[25] Doc. 13.

motion, to the extent they are supported by the record and not controverted in Defendant's summary judgment motion.

## III.     Uncontroverted Facts

The following facts are uncontroverted.  The Court excludes evidence offered through affidavits and deposition testimony that would not be admissible at trial, including evidence that is not relevant,[26] evidence that is hearsay for which no exception to the hearsay rule is apparent,[27] and evidence that is not based on the witness's personal knowledge.[28]  Furthermore, the Court disregards conclusory allegations without specific supporting facts that do not have probative value[29] and "statements of mere belief."[30]  The Court does not consider legal arguments included in the parties' statements of facts.

Defendant is a lawyer and former Certified Public Accountant.  In June 2014, the Internal Revenue Service ("IRS") assessed civil tax penalties of $18,000 for 2009 and $18,000 for 2010 against Defendant pursuant to 26 U.S.C. § 6700, which authorizes the imposition of penalties for the promotion of abusive tax shelters.[31]  The penalty was imposed for Defendant's role in Cash Management Systems, Inc.'s ("CMS") marketing of "tool plan" tax shelters to companies with employees who supply their own tools.  To calculate the penalties, the IRS determined that CMS paid Defendant $3,000 per month for each tax year at issue, totaling $36,000, and multiplied that

---

[26] Fed. R. Evid. 401.

[27] Fed. R. Evid. 801–807.

[28] Fed. R. Evid. 602.

[29] *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (citations omitted).

[30] *Argo v. Blue Cross Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)).

[31] *See Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1249 (10th Cir. 1989).

amount by 50% to arrive at $18,000 for each year.  The IRS gave Defendant notice of the penalty and made demand for payment.

On June 8, 2015, Defendant filed a petition in United States Tax Court challenging the IRS's assessment of § 6700 penalties and its calculation of those penalties.  The Tax Court rejected Defendant's arguments and, on May 14, 2020, entered a Memorandum Findings of Fact and Opinion upholding the penalties.  On March 5, 2021, the Tax Court entered its Decision in that matter.  The Tax Court's Decision contained a typographical error, referring to the § 6700 penalties as penalties assessed under 26 U.S.C. § 6707.  The Tax Court's Memorandum Findings of Fact and Opinion and both parties' briefs in that action referred only to § 6700 and did not mention § 6707.

Defendant appealed the Tax Court's Decision to the Tenth Circuit.  Defendant's pleadings in the Tenth Circuit also specifically referred to § 6700 and did not mention § 6707.  On June 17, 2022, the Tenth Circuit dismissed Defendant's appeal for lack of appellate jurisdiction.  The Tenth Circuit's Order and Judgment only referred to § 6700 and did not mention § 6707.  During Defendant's deposition on August 28, 2024, Defendant indicated that he "didn't catch" the Tax Court's reference to § 6707 until the Government sought to have the error corrected and that he was "not even familiar with 6707."[32]

On February 17, 2023, the Government filed a motion for leave to file out of time a motion to correct the March 5, 2021 Tax Court Decision.  Defendant objected to the Government's motion.  On March 3, 2023, the Tax Court amended its Decision to correct the typographical error.

---

[32] Doc. 12-2 at 46:4–5, 46:23–47:5.

The Government filed this action on April 12, 2024 to reduce to judgment the assessed § 6700 penalties.

## IV.   Discussion

Defendant moves for summary judgment on the Government's Complaint, arguing that as a matter of law the IRS should not have assessed the § 6700 penalties against him and, if the penalties were properly assessed, the IRS incorrectly calculated them.  Defendant also argues that he is entitled to judgment as a matter of law based on several affirmative defenses.  The Government moves for summary judgment on its Complaint, arguing that res judicata bars Defendant from relitigating the merits of his liability for the penalties.  The Court agrees with the Government.

### A.  Res Judicata

The Government argues that Defendant cannot challenge the § 6700 penalties because he already contested those liabilities in the Tax Court, and subsequently on appeal to the Tenth Circuit.  The Government contends that any attempt to relitigate those liabilities is barred by the doctrine of res judicata.  Defendant, on the other hand, argues that res judicata should not apply because applying the doctrine would prevent him from receiving a "fair and just result."[33]

"Res judicata is 'a rule of fundamental and substantial justice' that enforces the public policy that there be an *end* to litigation.  By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action."[34]  "*Res judicata* doctrine encompasses two distinct

---

[33] Doc. 11 at 21.

[34] *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir. 1990) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02 (1981)).

barriers to repeat litigation: claim preclusion and issue preclusion."[35]  "Claim preclusion 'prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment.'"[36]  Claim preclusion applies when the following elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."[37]  "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."[38]  Issue preclusion applies when "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[39]  Tax Court decisions are given res judicata effect.[40]  Finally, res judicata does not apply where there is "fraud or some other factor invalidating the judgment."[41]

Here, res judicata bars Defendant from relitigating the merits of the § 6700 penalties. Namely, the elements of issue preclusion are satisfied.  The Court will address each element of issue preclusion in turn.

---

[35] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135 (10th Cir. 2004).

[36] *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017)).

[37] *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (citing *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002)).

[38] *Park Lake Res. Ltd. Liab.*, 378 F.3d at 1136.

[39] *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 975 F.2d 683, 687 (10th Cir. 1992)).

[40] *See United States v. Annis*, 634 F.2d 1270, 1272 (10th Cir. 1980) ("Annis is barred by the doctrine of res judicata from relitigating his liability for taxes, the issue having been previously decided against him by the Tax Court.").

[41] *Comm'r. v. Sunnen*, 333 U.S. 591, 597 (1948).

1. **Identical Issues**

The first element is whether the issue previously decided is identical to the one presented in this action. In the previous Tax Court action, Defendant argued that the § 6700 penalties should not have been assessed against him and that they were calculated incorrectly. The Tax Court disagreed, concluding that "[u]ltimately, the penalties were appropriately assessed and accurately calculated, and [the Government] followed all administrative procedures."[42] In this action, Defendant again argues that the § 6700 penalties should not have been assessed against him and that they were calculated incorrectly—issues previously litigated and decided against Defendant in the Tax Court action. Thus, this element is satisfied.

2. **Adjudication on the Merits**

The second element is whether the prior action was finally adjudicated on the merits. In the prior action, the Tax Court adjudicated the § 6700 penalties on the merits and did not, for example, make its decision based on a jurisdictional challenge. The Tax Court's 70-page Memorandum Findings of Fact and Opinion explained that the Government met its burden of proving Defendant's liability with respect to the § 6700 penalties.[43] The Tax Court also confirmed that the penalties were accurately calculated.[44] Again, Tax Court decisions are given res judicata effect.[45] Thus, this element is satisfied.

3. **Privity of the Parties**

The third element is whether the party against whom res judicata is invoked was a party, or in privity with a party, to the prior adjudication. Here, the Government is attempting to

---

[42] Doc. 12-7 at 68–69.

[43] *Id.* at 47–67.

[44] *Id.* at 67–69.

[45] *See Annis*, 634 F.2d at 1272.

invoke res judicata against Defendant. Defendant was the petitioner in the prior Tax Court action. Thus, this element is satisfied.

### 4. Full and Fair Opportunity to Litigate

The fourth and final element is whether the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action. In analyzing this element, courts often "will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."[46]

Here, Defendant had a full and fair opportunity to litigate the merits of the § 6700 penalties in Tax Court. Defendant argues that because taxpayers can seek Tax Court review of their claims without prepayment of the penalty, while district courts require prepayment, "a taxpayer in effect may be forced into Tax Court which may not be their best judicial remedy."[47] He also highlights that there is no right to a jury trial in Tax Court. However, Defendant has not argued that he himself was forced into Tax Court and that Tax Court did not provide him a full and fair opportunity to litigate his claim. Nor does he explain how the lack of a right to a jury trial prevented him from fully and fairly litigating his claim on the merits in Tax Court. Further, Defendant's incentive to fully litigating the merits of the § 6700 has not changed since the prior action. Defendant wanted to avoid paying the penalties then and still wants to avoid paying them now. Thus, Defendant had a full and fair opportunity to litigate the merits of the § 6700 penalties and the fourth element is satisfied.

---

[46] *Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 975 F.2d 683, 687 (10th Cir. 1992) (quoting *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990)).

[47] Doc. 11 at 22.

10

### 5. Fraud or Other Factors Invalidating the Judgment

Even if the elements of res judicata are satisfied, the doctrine does not apply where there is fraud or some other factor invalidating the judgment. Defendant argues that the Tax Court's Decision upholding the § 6700 penalties should not be given preclusive effect by this Court because it was subsequently amended to fix a typographical error; the original Tax Court decision referred to the § 6700 penalties as penalties assessed under § 6707. Without citing any legal authority, Defendant states that "Tax Court decisions and orders are not subject to later amendment or change" and that "[t]his rule of finality was not followed in this case."[48]

The Tax Court's Rules of Practice and Procedure do not explicitly allow for the correction of clerical or typographical errors in its decisions. However, Tax Court Rule 1(b) states that "[i]f the Rules provide no governing procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." Federal Rule of Civil Procedure 60(a) provides that courts can correct clerical mistakes or mistakes arising from oversight or omission found in judgments, orders, or other parts of the record.

Here, the Tax Court's reference to § 6707 was obviously the result of an oversight. The Tax Court used its discretion, pursuant to Tax Court Rule 1(b), to correct the mistake. Defendant argues that by amending its Decision, the Tax Court caused confusion, leaving him "to his own devices to figure out what the Tax Court's basis for its decision and order was under the tax laws."[49] The Court does not find this argument credible. Both parties' Tax Court and Tenth

---

[48] *Id.* at 23.

[49] *Id.* at 24.

Circuit briefs, the Tax Court's Memorandum Findings of Fact and Opinion, and the Tenth Circuit's Order and Judgment all refer to § 6700. Moreover, Defendant admitted in his deposition that he did not become aware of the Tax Court's erroneous reference to § 6707 until the Government filed its motion asking the Tax Court to correct the error—over seven months after the Tenth Circuit entered its Order and Judgment.[50] Defendant was not prejudiced in any way by the Tax Court's amended Decision. Nor was Defendant entitled to a due process hearing before the Tax Court amended its Decision as Defendant argues in his motion.

Therefore, res judicata bars Defendant from arguing that the § 6700 penalties should not have been assessed against him and that they were calculated incorrectly. These issues were fully litigated on the merits and decided in the prior Tax Court action. Consequently, the Court need not address Defendant's arguments on the merits of these issues.

### B. Selective Prosecution

As an affirmative defense, Defendant argues that the Government treated him differently than others when it penalized him for his role in CMS's marketing of tool plans. To support his argument, Defendant states that Grant Thornton, the tax firm Defendant worked at as a partner from 1993 to 2001, was not penalized. Defendant suggests that the Government penalized him because of "a built-in bias and prejudice" against him.[51] However, Defendant fails to meet his burden of demonstrating that no disputed material fact exists regarding this defense. Defendant does not support this defense with any references to the record. Moreover, in response to this

---

[50] Doc. 12-2 at 46:19–47:9.

[51] Doc. 11 at 11.

argument, the Government cites to *Lemay v. Commissioner*,[52] *Mills v. United States*,[53] and *United States v. Cash Management Systems, Inc.*[54] to establish that others were in fact penalized for their role in CMS's marketing of tool plans.[55]  Thus, Defendant's selective prosecution defense fails.

### C. Statute of Limitations

Defendant also argues that the applicable ten-year statute of limitations bars the Government from collecting the assessed § 6700 penalty.  26 U.S.C. § 6502 provides that when a tax has been properly assessed, such tax may be collected by a proceeding in court within ten years after the assessment of the tax.

Here, the tax penalties were assessed against Defendant on June 23, 2014.  The Government initiated this action to reduce those penalties to judgment less than ten years later on April 12, 2024.  A timely action to reduce tax assessments to judgment, such as this one, extends the statute of limitations on collection, and the period during which such tax may be collected "shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable."[56]  Thus, the Government's effort to collect the § 6700 penalties assessed against Defendant is not barred by § 6502.

---

[52] No. 19356-15L, 2020 WL 2498427 (T.C. 2020) (upholding § 6700 penalties assessed against Bruce Lemay).

[53] No. 1:14-CV-1678-CMH-MSN (E.D. Va. Nov. 20, 2015) (order entering judgment against Richard Mills for § 6700 penalties assessed against him).

[54] No. 2:13-CV-02001-EFM-KGG, 2013 WL 7873529 (D. Kan. Jan. 17, 2013) (entering permanent injunction against CMS, Bruce Lemay, Richard Mills, Allen Davison, and Xell Enterprises, Inc.).

[55] The Court takes judicial notices of these prior court decisions.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171–72 (10th Cir. 1979) ("[A] district court may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially as they would be utilized at trial.").

[56] 26 U.S.C. § 6502(a); *see also United States v. Brickman*, 906 F. Supp. 1164, 1169 (N.D. Ill. 1995) ("The court proceeding brought against J. Brickman was sufficient to stop the running of the statute of limitations contained within § 6502, and the resulting judgment could thereafter be enforced at any time."); *United States v. Wodtke*, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985) ("[T]he [limitations period] is extended if the Government

D. **Request to Include Tax Year 2008**

On August 27, 2024, the Court denied Defendant's Motion to Include Tax Year 2008.[57] In his motion for summary judgment, Defendant asks the Court to reconsider including tax year 2008 in this action. However, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[58] A motion to reconsider is not a proper venue to reargue arguments that the Court previously rejected.[59] Thus, the Court will not reconsider including tax year 2008. Instead, the Court reiterates its reasoning set out in its August 27, 2024 text entry only order for denying Defendant's initial request to include tax year 2008.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 11) is **denied**; the Government's Motion for Summary Judgment (Doc. 12) is **granted**.

**IT IS SO ORDERED.**

Dated: February 27, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

commences suit to reduce the liability to judgment within that period. The suit tolls the statutory period, the obtaining of a judgment will keep the time for collection open indefinitely, and will correspondingly extend the life of the lien." (internal citations omitted)).

[57] Doc. 10.

[58] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[59] *Id.*