IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ALLEN R. DAVISON,**

    **Defendant.**

Case No. 2:24-CV-02144-JAR-RES

## MEMORANDUM AND ORDER

The Government brought this action pursuant to 26 U.S.C. § 7401 to reduce to judgment civil tax penalties assessed against pro se Defendant Allen R. Davison. On February 27, 2025, the Court granted the Government's motion for summary judgment[1] on the basis that res judicata precludes Defendant from relitigating the merits of the civil tax penalties already litigated in United States Tax Court.

Now before the Court is Defendant's Motion for Reconsideration (Doc. 16). Defendant filed his motion for reconsideration more than 14 days after the Court issued its February 27 Order granting the Government's motion for summary judgment, in violation of D. Kan. Rule 7.3. However, Defendant subsequently filed a Motion to File Out of Time (Doc. 22) his motion for reconsideration. The Court grants Defendant's motion to file out of time, but for the reasons stated in more detail below, the Court denies Defendant's motion for reconsideration.

## I.    Background

On June 8, 2015, Defendant filed a petition in United States Tax Court challenging the IRS's assessment of § 6700 penalties against him and its calculation of those penalties. The Tax

---

[1] Doc. 15.

Court rejected Defendant's arguments and, on May 14, 2020, entered a Memorandum Findings of Fact and Opinion upholding the penalties. The Tax Court concluded that "[u]ltimately, the penalties were appropriately assessed and accurately calculated, and [the Government] followed all administrative procedures."[2] On March 5, 2021, the Tax Court entered its Decision in that matter.

Defendant appealed the Tax Court's Decision to the Tenth Circuit and on June 17, 2022, the Tenth Circuit dismissed Defendant's appeal for lack of appellate jurisdiction. On February 17, 2023, the Government filed a motion for leave to file out of time a motion to correct a typographical error in the Tax Court's March 5, 2021 Decision. Defendant objected to the Government's motion. On March 3, 2023, the Tax Court amended its Decision to correct the typographical error.

On February 27, 2025, the Court granted the Government's motion for summary judgment, concluding that "res judicata bars Defendant from arguing that the § 6700 penalties should not have been assessed against him and that they were calculated incorrectly" because "[t]hese issues were fully litigated on the merits and decided in the prior Tax Court action."[3] On March 24, 2025, Defendant filed a motion for reconsideration.

**II.     Standard**

Defendants move to reconsider under D. Kan. Rule 7.3:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
> (1) an intervening change in controlling law;
> (2) the availability of new evidence; or

---

[2] Doc. 12-7 at 68–69.
[3] Doc. 15 at 12.

> (3) the need to correct clear error or prevent manifest injustice.

A court's decision is clearly erroneous if it is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[4]  Further, courts in this district have described manifest injustice to mean "direct, obvious, and observable error."[5]

### III. Discussion

Defendant argues that the Court should reconsider its February 27 Order because the Court "failed to address and resolve the issue of the computation of the monetary amount of the IRC Section 6700 penalty.  Defendant submits that the amount of the monetary penalty is zero."[6]  However, Defendant already made this argument in Tax Court,[7] the Tax Court disagreed with him,[8] and the Court gave the Tax Court's decision preclusive effect by applying the doctrine of res judicata.[9]

Defendant has not cited an intervening change in controlling law nor the availability of new evidence establishing that the Court's application of res judicata was inappropriate.  Moreover, Defendant has not established that the Court clearly erred when it applied the doctrine of res judicata.  Finally, Defendant has not explained how granting his motion for reconsideration would prevent manifest injustice.  Instead, Defendant attempts to reargue his disagreement with the Tax Court's calculation of his civil penalties.  As the Court concluded in

---

[4] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

[5] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

[6] Doc. 16 at 2.

[7] Doc. 12-5 at 11 ("Legal defense fees are not promotional fees.").

[8] Doc. 12-7 at 69 ("[T]he penalties were appropriate assessed and accurately calculated.").

[9] Doc. 15 at 8 ("[R]es judicata bars Defendant from relitigating the merits of the § 6700 penalties.").

its February 27 Order, Defendant had a full and fair opportunity to litigate this issue. A motion to reconsider should not be used as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[10] And "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]

Defendant also attempts to reraise additional arguments he made in his motion for summary judgment,[12] including separation of powers concerns, Seventh Amendment concerns, right to defense concerns, and concerns regarding federal agencies overstepping their authority. None of these arguments were sufficient to overcome the application of res judicata at the summary judgment stage, nor are they now.

Thus, Defendant fails to satisfy the requirements for reconsideration under D. Kan. Rule 7.3.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to File Out of Time (Doc. 22) is **granted**; Defendant's Motion for Reconsideration (Doc. 16) is **denied.**

**IT IS SO ORDERED.**

Dated: April 17, 2025

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[10] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

[11] *Id.* (quoting *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014)).

[12] Doc. 11.

[13] Defendant's motion also fails to satisfy the requirements for altering or amending a judgment pursuant to Fed. R. Civ. P. 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a [Fed. R. Civ. P. 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").